IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERIMEY SELLERS,  No. 2:15-cv-2412-GEB-CMK-P

    Petitioner,

  vs.  FINDINGS AND RECOMMENDATION

CLARK E. DUCART,

    Respondent.

_____/

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's unopposed motion to dismiss the petition on the grounds that it is not exhausted (Doc. 13).

    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12.  The petitioner bears the burden of showing that he has exhausted state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Here, respondent argues that none of the claims raised in petitioner's federal habeas petition are unexhausted as petitioner failed to present them to the California Supreme Court.

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before the federal court can grant a claim presented in a habeas corpus case.  See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).  "A petitioner may satisfy the exhaustion requirement in two ways:  (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies."  Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).  The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations.  See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court.  See Castille v. Peoples, 489 U.S. 346 (1989).  Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules.  See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981).  Thus, an appeal or petition for post-conviction relief that is

denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies.  See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[1]

In addition to presenting the claim to the state court in a procedurally acceptable manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the state court by including reference to a specific federal constitutional guarantee.  See Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000).  It is not sufficient for the petitioner to argue that the federal nature of the claim is self-evident.  See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2001).

In the instant case, respondent argues petitioner's petition is unexhausted, as he failed to present his claims to the California Supreme Court.  Specifically, respondent contends that petitioner only filed a direct appeal, including a petition for review in the California Supreme Court, but no state petitions for writ of habeas corpus.  In the petition for review filed with the California Supreme Court, petitioner raised a Sixth Amendment right to counsel claim based on the use of a recorded jail telephone conversation, and failure to exclude the evidence.  In his federal petition, petitioner raises three claims including ineffective assistance of counsel (specifically related to counsel's failure to explain the proceedings, failure to allow petitioner to testify, failing to meet with petitioner to prepare a satisfactory defense, failure to secure petitioner's sister as a witness, failure to conduct appropriate discovery and failure to research the credibility of a witness), violation of the Fifth Amendment right against self-incrimination based on phone conversations recorded at the jail, and a trial court error in sentencing petitioner to a consecutive sentence.

---

[1] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal.  The former represents an exhaustion problem; the latter represents a procedural default problem.

As petitioner has not filed an opposition to the motion to dismiss, it appears he concedes that his petition is not exhausted. In addition, respondent's arguments are persuasive. As the undersigned reads it, the claim presented to the California Supreme Court in petitioner's petition for review was a substantive Sixth Amendment claim wherein he alleged that the use of a recorded telephone conversation violated his right to counsel, and that the trial court erred in not excluding the evidence. Petitioner specifically argues that the statement used, which was a conversation between petitioner and his wife while he was in custody, was essentially a statement elicited by his wife on behalf of the government pursuant to an implicit agreement between the detective and petitioner's wife, and which was designed to deliberately elicit incriminating remarks. Trial counsel moved to have the statements suppressed, which was erroneously denied by the trial court. While respondent contends that the state petition raised an ineffective assistance of counsel claim, the undersigned finds the claim was a denial of counsel not that his counsel was ineffective. The state court addressed the denial of counsel claim, finding that the "right to counsel, as recognized in Massiah [v. United States, 377 U.S. 201 (1964),] does not attach until the initiation of adversary judicial criminal proceedings," such as an arraignment. (People v. Sellers, No. C073734, at 8 (Lodged Doc. 2, ECF 14) (internal quotation marks omitted) (citing People v. Webb, 6 Cal.4th 949, 526 (1993)). The court declined "to find a violation of the Sixth Amendment right to counsel based on an agreement formed before defendant's right to counsel came into being." (Id.) The state court further found that there was no evidence of an agreement between petitioner's wife and the detective to obtain information from petitioner, thus petitioner's Massiah claim failed. There is no discussion in the state court's opinion about counsel's performance, deficient or otherwise, nor about petitioner's Fifth Amendment rights against self-incrimination. The only other points discussed or decided in the state court opinion include a correction in pre-sentence custody credit and the imposition of a restitution fine.

/ / /

1         Accordingly, the undersigned finds petitioner's claims for ineffective assistance of counsel, violation of his Fifth Amendment right against self incrimination, and sentencing error relating to a consecutive sentence are unexhausted. The claims raised relating to the recorded jail telephone conversation are related but distinct claims, alleging violations of different and distinct rights with separate elements of proof. See Rose v. Palmaleer, 395 F.3d 1108, 1111-12 (9th Cir. 2005). Petitioner failed to include the claims set forth in his federal petition in his petition for review filed with the California Supreme Court or in his direct appeal to the California Court of Appeal, and the California Court of Appeal did not address the alleged violations sua sponte in the opinion affirming petitioner's conviction.

        Due to his lack of opposition, petitioner fails to make any request that the court enter a stay and abeyance order. Thus, dismissal of his petition is appropriate.

        Based on the foregoing, the undersigned recommends that respondent's unopposed motion to dismiss (Doc. 13) be granted.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 12, 2016

        _____
        **CRAIG M. KELLISON**
        UNITED STATES MAGISTRATE JUDGE